**STATE ex rel. DALE et al., Com'rs, v. JOHNSON.**

No. 9981—Opinion Filed March 30, 1920.

(Syllabus by the Court.)

**Attorney and Client—Disbarment Proceedings—Report of Referee—Dismissal.**

In a proceeding by information to disbar an attorney, where this court has appointed a referee to hear the evidence, and a special prosecutor has been appointed to prosecute said case, and the referee makes his report to this court that the material witness necessary to substantiate the charges in the information has died since the institution of said proceedings, and it appearing to the referee and special prosecutor that they are unable to obtain sufficient evidence to justify submitting the case to the referee, and the referee recommends the proceedings be dismissed, there being no objection, the report of the referee will be adopted and the disbarment proceedings will be dismissed.

Disbarment proceedings against J. Coody Johnson by the State, on the relation of Frank Dale and others, State Bar Commissioners; P. D. Brewer, referee. 'Dismissed.

E. L. Fulton, Special Prosecutor.

McNEILL, J. Information was filed in this court by the State Bar Commission May 29, 1918, to disbar J. Coody Johnson from the practice of law. On the 25th day of June, 1918, P. D. Brewer was appointed referee to take the evidence and report to the court the findings of fact. On February 28, 1919, said referee made the following report and recommendation:

"That on or about August 6, 1918, your referee proceeded to Muskogee, Oklahoma, for the purpose of hearing this and other cases of disbarment. That after spending three and one-half days in the hearing of evidence in other cases, Honorable E. L. Fulton, special prosecutor, represented to your referee that inasmuch as Stella Mason, nee Manuel, had died since this investigation was begun and that she would have been the principal witness upon which the plaintiffs in this case would have relied to give evidence to sustain the charges herein, that he was of the opinion that he did not have sufficient proof that he would be able to offer to sustain the charges as made against the respondent, and your referee, after inquiring into the matter and feeling himself sufficiently advised in the premises, agreed with Mr. Fulton, the special prosecutor appointed by this court, that sufficient evidence was not at hand to sustain the charges as filed, and therefore, no proof in this case was taken.

"Recommendation.

"In view of the circumstances, as stated above, your referee recommends that the petition for disbarment in this case be dismissed by order of the court."

There being no exceptions to the report, the report is accepted and the disbarment proceedings dismissed.

OWEN, C. J., and PITCHFORD, HIGGINS, and BAILEY, JJ., concur.